## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Franchot Prather,

        Petitioner,

                              Case No.  14-cv-14860

v.                              Hon. Judith E. Levy

                              Mag. Judge Mona J. Majzoub

S. Rivard,

        Respondent.

_____/

## ORDER HOLDING THE HABEAS PETITION IN ABEYANCE AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

Petitioner Franchot Prather recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  Petitioner indicates in his habeas petition that he did not raise his grounds for relief in state court, as required by 28 U.S.C. § 2254(b)(1).  Accordingly, the Court will hold this case in abeyance pending exhaustion of state remedies and close the case for administrative purposes.

### I.  Background

Petitioner was convicted in Wayne County, Michigan of assault with intent to commit murder, Mich. Comp. Laws § 750.83, felonious assault, Mich. Comp. Laws § 750.82, felon in possession of a firearm, Mich. Comp.

Laws § 750.224f, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b.  The trial court sentenced petitioner on March 29, 2012, to five years in prison for possession of a firearm during the commission of a felony.  The court ordered this sentence to run consecutively to concurrent prison terms of thirty-five to seventy-five years for assault with intent to commit murder, fifty-four months to fifteen years for felonious assault, and seventy-two months to fifteen years for being a felon in possession of a firearm.

On appeal from his convictions, petitioner argued that (1) the trial court committed reversible error when it admitted scientific evidence without an adequate legal foundation and (2) trial counsel was ineffective for failing to object to the evidence.  The Michigan Court of Appeals disagreed and affirmed petitioner's convictions in an unpublished decision. *See People v. Prather*, No. 310005, 2013 WL 3835958 (Mich. Ct. App. July 25, 2013).  On December 23, 2013, the Michigan Supreme Court denied leave to appeal.  *See People v. Prather*, 495 Mich. 916; 840 N.W.2d 321 (2013).

On December 17, 2014, petitioner signed and dated his habeas corpus petition, and on December 22, 2014, the Clerk of Court filed the

2

petition. The Court understands the grounds for relief to be: (1) trial counsel was ineffective for waiving procedural safeguards and disclosing petitioner's status, and appellate counsel was ineffective for failing to raise this issue on appeal; (2) the trial court denied petitioner an opportunity for impeachment; and (3) trial counsel failed to present an alibi defense. Petitioner admits that he did not raise any of these claims in state court.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each habeas claim to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410,

3

414-15 (6th Cir. 2009).

Petitioner alleges that he did not exhaust state remedies for his three claims, but he appears to be saying that he intends to raise the issues, or has already raised them, in a post-conviction motion for relief from judgment in the state trial court. Federal district courts ordinarily must dismiss a habeas petition containing unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). But a dismissal of this case could result in a subsequent petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

Federal district courts have authority to grant stays, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and, in appropriate cases, they may stay a case while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. *See id*. at 275. After the inmate exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances," such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

4

litigation tactics." *Id*. at 277, 278. In such circumstances, the district court should stay, rather than dismiss, the habeas petition, because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*. at 278.

Petitioner's unexhausted claims are not plainly meritless, and he alleges that his appellate attorney was at fault for not raising the claims on direct appeal. Further, there is no indication that petitioner is engaged in intentionally dilatory litigation tactics.

Accordingly,

**IT IS ORDERED** that this case is stayed and the habeas petition is held in abeyance pending exhaustion of state remedies.

**IT IS FURTHER ORDERED** that, as a condition of this stay, petitioner must file a motion for relief from judgment in state court within **ninety (90) days** of the date of this order if he has not already done so.

**IT IS FURTHER ORDERED** that, if petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies for his habeas claims. The motion

and amended petition must contain the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *petition for cert. filed*, No. 14-7246 (U.S. Nov. 7, 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of petitioner's claims.

**IT IS SO ORDERED.**

Dated: January 16, 2015           s/ Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2015.

                              s/Felicia M. Moses
                              FELICIA M. MOSES
                              Case Manager

6